[Civ. No. 7199. Second Appellate District, Division One.—April 23, 1932.]

J. & W. C. SHULL (a Corporation), Respondent, v. AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Appellant.

Lawler & Degnan for Appellant.

Richard J. O. Culver for Respondent.

HOUSER, J.—This appeal is from a judgment which was rendered in favor of the plaintiff in an action brought by it against the defendant on a bond, by which, in effect, the defendant bound itself to reimburse the plaintiff for any pecuniary loss which the latter might sustain "by any act or acts of larceny or embezzlement" of any of the employees of the plaintiff.

The judgment included a recovery as to each of two separate items set forth in the complaint: First, as to an item for the value of a shortage of lumber, etc.; and secondly, as to the amount of certain cash alleged to have been either stolen or embezzled by the defendant Filger.

The first contention of the appellant is that the evidence conclusively establishes the fact that no shortage of lumber existed. In that connection, it appears that although the single witness, upon whom plaintiff relied to establish the facts necessary to prove the shortage of lumber, testified from a general memorandum which theretofore, after an examination by him of the account books of the plaintiff, he had prepared and which purportedly showed that such shortage existed,—on being recalled as a witness for the defendants, at which time said account books were personally examined by the witness in the presence of the court, the said witness testified, and said books affirmatively showed, that no shortage existed as to said lumber.

It is clear that the mere original conclusion of the witness, as determined by him from a memorandum which he had made on a former examination of the account books of the plaintiff, should not be permitted to prevail over the actual facts as established by such books of account. It follows that such item in the judgment of the trial court

cannot be permitted to stand, but that in that particular the judgment should be reversed.

As to the second contention of the appellant, to wit: That on the trial of the action, especially with reference to defendant Filger, "no proof was offered of acts of larceny or embezzlement or any misappropriation whatsoever",—from the allegations of the complaint herein it is disclosed that the alleged misappropriation of the cash of the plaintiff was charged to Filger personally, who was the manager of the lumber-yard owned by the plaintiff; but from the transcript of the proceedings in the trial of the action, it appears that other than evidence of the fact that certain moneys were paid by various individual debtors of the plaintiff to some unidentified employee or employees of the plaintiff and for its account, and that such moneys were neither accounted for by the manager of the plaintiff nor credit given to the respective accounts of such debtors,— no evidence was adduced which showed or tended to show that such moneys had ever been personally used or misappropriated by Filger, or by any other employee of the plaintiff. To the contrary, the most that appeared in evidence was the fact that a discrepancy existed between the total cash which should have been received by the plaintiff, and the amount of cash which it actually did receive. But, even in such a situation, no evidence was introduced which tended to connect either Filger personally, or any other designated employee of the plaintiff, with the disappearance of any amount of cash. Certainly no evidence was presented from which a felonious asportation by Filger of the funds of the plaintiff could be inferred. Furthermore, as far as Filger was concerned, the evidence was ample that although one item of a shortage of $27.71 occurred during a time when he had charge of the "cash", such item was not shown to have been anything more than a discrepancy which might have arisen from, or was properly attributable to, some act of negligence, rather than to any criminal intent necessarily elemental to either the crime of larceny or the crime of embezzlement. At all times thereafter in question, by the order or direction of the superior officers of the plaintiff corporation, the "cash" was placed within the "exclusive" control of an employee of the plaintiff other

than defendant Filger. As a matter of practice thereafter, the "cash" was available to, and actually was handled by, any one of six or eight different employees of the plaintiff.

Aside from the lack of other elements necessary to the existence of the *corpus delicti* of either of the offenses of larceny or of embezzlement, it is most apparent that, especially in the element of felonious intent, the facts herein are insufficient to establish that either of said crimes was committed either by defendant Filger personally or by any other employee of the plaintiff corporation. Even assuming that the crime of larceny or the crime of embezzlement was committed by someone connected with the business of which Filger was the manager, this could not have the effect of convicting Filger of its commission. If such a doctrine should prevail, should it appear that a teller or other subordinate clerk in a bank had stolen or had embezzled any of the funds of which the bank was either the owner or the custodian, the president or the cashier of such bank would necessarily be guilty of the commission of the offense. Then, too, in the instant case, for aught that appears, acting in the capacity of manager of the business of the plaintiff, or under the direction or order of his superior officer, Filger may lawfully have used the cash in question for any one or more of many lawful purposes, or Filger may have used the money with the consent or under the direction of the plaintiff.

Since the bond of the defendant covered a "larceny or embezzlement" situation only; since by the allegations in the complaint in the action the plaintiff limited the commission of either of such offenses to Filger; and since no sufficient evidence was adduced to justify the conclusion that Filger was guilty of either of the offenses specified in the bond, it follows that as pleaded and attempted to be proved, the facts do not justify the recovery of the second item in question.

The judgment is reversed.

Conrey, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 23, 1932, and an

application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1932.